***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted September 26, affirmed October 19, 2022, petition for review denied February 9, 2023 (370 Or 740)

CITY OF EUGENE,
*Plaintiff-Respondent,*

*v.*

ERIC TODD JACKSON,
*Defendant-Appellant.*

Lane County Circuit Court
19CR79472; A175854

Bradley A. Cascagnette, Judge.

Sarah Alvarez argued the cause and filed the briefs for appellant.

Ben Miller argued the cause and filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Affirmed.

**JAMES, P. J.**

Eric Jackson, the defendant in this case, is an unhoused individual who uses camping as a form of political protest. He moved to Eugene, Oregon, in 2018 and began protesting the city's treatment of unhoused people. These protests involved erecting a tent in Wayne Morse Free Speech Plaza, a public square that abuts multiple government buildings, including the courthouse.

For several years, Lane County and the City of Eugene have enacted a series of curfews for the plaza. At the time of this incident, the curfew in effect prohibited entry to the plaza between the hours of 11:00 p.m. and 6:00 a.m. On February 12, 2019, defendant set up his tent and sign in protest of, among other issues, the city's treatment of unhoused individuals in Lane County. That night, a Eugene police officer informed defendant that he risked arrest if he remained in the plaza, and he left.

The next evening, defendant returned to the plaza. This time, however, he remained beyond the 11:00 p.m. curfew, and the police arrested him. Defendant was charged, and subsequently convicted, in Eugene Municipal Court of one count of criminal trespass, for violation of Eugene Code (EC) 4.807. He appeals that conviction raising a variety of arguments that challenge the curfew as facially overbroad, and violative of his rights under Article I, section 8, of the Oregon Constitution, and the First and Fourteenth Amendments to the United States Constitution, by being an unreasonable time, place, and manner restriction on speech. We affirm.

At the outset, the city raises a number of preservation objections to the arguments appellant advances. We need not resolve those preservation issues however because, even assuming without deciding that the issues on appeal are preserved, *State v. Babson* forecloses defendant's challenge on the merits. 355 Or 383, 387, 326 P3d 559 (2014).

*Babson* involved a political protest conducted on the steps of the Oregon state capitol building—a quintessential public forum similar to Wayne Morse Free Speech Plaza. *Id*. at 387. The "protest took the form of an around-the-clock

vigil" functionally identical to defendant's overnight camping protest. *Id*. At the time of the protest in *Babson*, the capitol building was subject to an overnight use restriction prohibiting activity between the hours of 11:00 p.m. and 7:00 a.m., one hour longer than the time period of the closure of the plaza here. *Id*. at 388.

The Oregon Supreme Court engaged in an extensive analysis in *Babson* that we need not repeat here. Ultimately, the court held that "the [Legislative Administrative Committee] guideline [that imposed the overnight use restriction], on its face, does not violate Article I, section 8, or Article I, section 26, of the Oregon Constitution." *Id*. at 387. Because the facts of *Babson* so closely resemble the facts of this case, we are persuaded that *Babson* resolves the facial challenges brought here.

Additionally, defendant argues that the closing of the plaza is an unreasonable time, place, and manner restriction under the First and Fourteenth Amendments to the United States Constitution. Under the First Amendment, the government "may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information." *Ward v. Rock Against Racism*, 491 US 781, 791, 109 S Ct 2746, 105 L Ed 2d 661, *reh'g den*, 492 US 937 (1989) (internal quotation marks omitted); *Clark v. Committee for Creative Non-Violence*, 468 US 288, 294-99, 104 S Ct 3065, 82 L Ed 2d 221 (1984) (upholding decision not to permit camping). Again, assuming without deciding that the issues are properly preserved, on the merits we conclude that standard is met here.

Affirmed.